**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

SHAMBHALA PUBLICATIONS, INC,

     Plaintiff,

v.

NAMO BUDDHA SEMINAR, D/B/A
NAMO BUDDHA PUBLICATIONS,

Defendant.

---

**COMPLAINT**

---

## INTRODUCTION

Plaintiff Shambhala Publications, Inc., ("Plaintiff") brings this action for copyright infringement and misrepresentation under the Digital Millenium Copyright Act ("DMCA").

As described herein, Plaintiff has been forced to file this action. For all the reasons discussed herein, Plaintiff is entitled to redress and relief for the Defendant's acts of willful copyright infringement and fraudulent misrepresentations to Shopify, its internet service provider.

## PARTIES

1.    Plaintiff Shambhala Publications, Inc., is a Massachusetts Corporation, having its principal place of business at 2129 13th Street, Boulder, Colorado 80302.

2.    Plaintiff operates a website at, www.shambhala.com.

3.      On information and belief, Namo Buddha Seminar, ("Defendant"), d/b/a Namo Buddha Publications, is a Colorado nonprofit corporation whose principal place of business is 3203 Camino Baca Grande, Crestone, CO 81131.

4.      Defendant operates under the trade name Namo Buddha Publications and owns/operates a website at, www.namobuddhapublications.org.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.  Defendant has also consented to the jurisdiction of this Court through the filing of the DMCA counter-notice discussed in further detail herein.

6.      Venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendant is domiciled in this State.

## FACTS

7.      Plaintiff began business in 1969 and has been an independent, family-owned company ever since.

8.      Plaintiff is dedicated to creating books, audio, and immersive courses aimed at improving lives—in ways big and small—in the hope of contributing to the development of a thoughtful, kindhearted, and contemplative society.

9.      Plaintiff offers numerous titles on meditation and a wide range of spiritual traditions, from Buddhism and Taoism to contemplative traditions within Christianity, Judaism, Hinduism, and Sufism.

10.      In its history, Plaintiff has had over 1,600 titles in print.

2

11.     Plaintiff's titles are distributed worldwide through Penguin Random House, a British-American multinational publishing conglomerate.

12.     Plaintiff, through various agreements with its authors, owns the exclusive copyright right in Plaintiff's various product titles. Relevant to this action are the following copyright registrations:

| Title of Work/ISBN | Copyright Registration No. | Date of Registration |
|---|---|---|
| When Things Fall Apart 9781611803891 | TX0004507978 | 2/6/1997 |
| The Wisdom of No Escape 9780877736325 | TX0003208992 | 12/4/1991 |
| The Union of Bliss and Emptiness | TX0002495811 | 1/23/1989 |
| Sun of Wisdom 9781570629990 | TX0005979752 | 5/13/2004 |
| Yeshe Lama 9781559392945 | TX0008913116 | 9/22/2020 |
| Illusion's Game 9780877738572 | TX0003962409 | 11/1/1994 |
| Meditation in Action 9780877735502 | TXu000488738 | 6/6/1991 |
| Heart of the Buddha 9780877735922 | TX0003298457 | 9/25/1991 |
| The Second Karmapa Karma Pakshi 9781559394673 | TX0009330920 | 11/9/2023 |

The "Copyright Registrations".

3

13.    Plaintiff uses the works associated with the Copyright Registrations—along with a wide variety of other copyrights (collectively with the Copyright Registrations, the "Copyrighted Works")—to market and sell its genuine goods.

14.    Plaintiff uses the Copyrighted Works to advertise, display, and promote Plaintiff's titles in interstate commerce—including the Internet.

15.    Plaintiff markets the Copyrighted Works on its website. Thus, the Copyrighted Works are accessible to the public—and Defendant—through product listings selling Plaintiff's titles.

16.    The Copyrighted Works have been used by Plaintiff prior in time to Defendant's use of works identical to the Copyrighted Works. Plaintiff's Copyrighted Works have never been assigned or licensed to Defendant.

17.    Plaintiff's Copyrighted Works are symbols of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

18.    Genuine product listings utilizing Plaintiff's Copyrighted Works are widely advertised and promoted by Plaintiff via the Internet.

### DEFENDANT'S HISTORY OF INFRINGEMENT

19.    Defendant has been aware of Plaintiff and Plaintiff's Copyrighted Works for years.

20.    Defendant has also already been the subject of Plaintiff's DMCA takedown notices several times in the past.

21.    In January 2025, Plaintiff, through counsel, filed a DMCA takedown notice with DreamHost, the web hosting provider for Defendant's website at that time, for

4

numerous infringing web pages posting the Copyrighted Works for sale or download without authorization.

22. DreamHost notified Plaintiff in February 2025 that Defendant's infringing web pages were removed from the internet, which was confirmed by Plaintiff.

23. In fact, Plaintiff's website appeared to be temporarily shut down at that time (see image below).



24. Plaintiff checked Defendant's website thereafter and it appeared that Defendant's website was back online but that Defendant had voluntarily removed each web page that contained Plaintiff's Copyrighted Works.

25. However, later in 2025, most of the infringing web pages were back on Defendant's website.

26. On November 17, 2025, Plaintiff, through counsel, filed a DMCA takedown notice with Shopify, the new web hosting provider for Defendant's website, for about

5

fifteen infringing web pages posting the Copyrighted Works for sale or download without authorization.

27. Nearly all of the fifteen web pages included the same Copyright Works that were the subject of the DMCA takedown notice submitted to DreamHost earlier in 2025.

28. Shopify notified Plaintiff on November 22, 2025, that it had removed the infringing web pages from the Internet, which Plaintiff confirmed.

29. Despite these prior takedowns, Plaintiff recently noticed over forty (40) infringing web pages that included the Copyrighted Works on Defendant's website without authorization.

30. On July 8, 2026, Plaintiff, through counsel, again filed a DMCA takedown notice for six of the over forty infringing web pages posting the Copyrighted Works for sale or download without authorization.

31. On July 11, 2026, Shopify notified Plaintiff that it had removed the infringing web pages from the Internet, which Plaintiff confirmed.

32. On July 13, 2026, Shopify notified Plaintiff that it received a valid counter-notice from Defendant. A true and accurate copy of Defendant's counter-notice is attached hereto as **Exhibit 1**.

33. The counter-notice included the six web pages that were the subject of the July DMCA takedown notice.

34. Within the counter-notice, Defendant states "I swear, under penalty of perjury, that I have a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed."

6

35.     Defendant knowingly provided Shopify with a material misrepresentation in filing the counter-notice. Defendant is not the creator of the Copyrighted Works and is not authorized to sell or reproduce copies of the Copyrighted Works. Furthermore, Defendant had access to the Copyrighted Works and reproduced the Copyrighted Works on Defendant's website.

36.     In compliance with the DMCA, Shopify notified Plaintiff that the web pages displaying the Copyrighted Works would become accessible to the public unless Plaintiff provided Shopify with notice that a lawsuit had been filed against the counter-noticing party within ten (10) business days.

37.     Plaintiff is left with no choice but to file this Complaint.

38.     As of the date of this filing, over thirty infringing web pages remain on Defendant's website.

**COUNT I – FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a), et. seq.)**

39.     Plaintiff re-alleges and incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

40.     The Copyright Registrations constitute original works of authorship and are copyrightable subject matter under 17 U.S.C. §§ 101 et seq. and the laws of the United States.

41.     By way of license or agreement, Plaintiff owns or has the exclusive right to the copyrights to the Copyright Registrations and the Copyrighted Works, has complied with all respects with the Copyright Act and all other laws governing copyrights, and has

secured the exclusive rights and privileged in and to the copyrights of the Copyright Registrations and the Copyrighted Works.

42.    The Copyrighted Works are publicly available online.

43.    Upon information and belief, Defendant accessed the Copyrighted Works.

44.    Defendant copied original elements of the Copyrighted Works.

45.    The works offered for sale or download by Defendant are direct copies of the Copyrighted Works.

46.    Defendant's unauthorized reproduction and dissemination of the Copyrighted Works is in violation of 17 U.S.C. §§ 106 and 501 et seq.

47.    Defendant's past, current and ongoing acts of copyright infringement are willful, intentional, and purposeful, and in complete disregard of Plaintiff's rights. Defendant has engaged in copyright infringement directly or with knowledge of the infringement. Defendant's repeated infringement, after notice, constitutes willful infringement of Plaintiff's Copyrighted Works.

48.    The aforementioned wrongful acts of Defendant has caused and is causing great injury and damage to Plaintiff, and unless this Court restrains Defendant from the further commission of said acts, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

49.    Plaintiff is entitled to statutory damages and attorney's fees as provided under the Copyright Act to the extent allowable under law. In addition, Plaintiff reserves the right to elect its actual damages, including its lost profits, and to recover the improper profits obtained by Defendant through its infringement. Plaintiff is also entitled to the

disgorgement of Defendant's benefit from infringement, including, but not limited to any profits recovered by Defendant for its infringing actions.

## COUNT II – MISREPRESENTATION UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA) (17 U.S.C. § 512(f))

50.    Plaintiff re-alleges and incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

51.    Plaintiff owns valid copyrights in the Copyright Registrations and Copyrighted Works and has secured the exclusive rights and privileged in and to the copyrights of the Copyrighted Works.

52.    On July 8, 2026, Plaintiff, through counsel, filed a valid DMCA takedown notice for six of the over forty infringing web pages posting the Copyrighted Works for sale or download without authorization.

53.    On or about July 11, 2026, Shopify recognized Plaintiff's DMCA takedown notice and removed the reported web pages.

54.    On July 13, 2026, Defendant filed a counter-notice with Shopify. Within the counter-notice Defendant states: "**I swear, under penalty of perjury, that I have a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed**."

55.    Defendant is not authorized or licensed to sell or reproduce downloads of the Copyrighted Works. Defendant cannot have a good faith belief that there was any mistake or misidentification in Plaintiff's reporting of the infringing web pages because Defendant is offering for sale and/or download direct copies of the Copyrighted Works, and Defendant has no right to reproduce the Copyrighted Works.

9

56.    Defendant's filing of its counter-notice is a Misrepresentation under 17 U.S.C. § 512(f), where Defendant knowingly materially misrepresented that material or activity was removed or disabled by mistake or misidentification.

57.    Defendant is liable for *any* damages to Plaintiff, including Plaintiff's costs and attorney's fees.

58.    Plaintiff is entitled to an award of damages, including reasonable attorneys' fees and costs of the action under 17 U.S.C. § 512(f).

## JURY TRIAL DEMANDED

59.    Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests judgment against Defendant and the following relief:

1.    Monetary damages in the form of actual damages; disgorgement of profits; and/or the election of statutory damages available under the Copyright Act, as applicable, including an increased award of not more than $150,000 per work for Defendant's willful and intentional infringement;

2.    Monetary damages, including attorneys' fees and costs, available under Section 512(f) of the Copyright Act, as applicable;

3.    Pursuant to the Copyright Act, a preliminary, mandatory, and permanent injunction permanently enjoining Defendant, its respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert with them, from:

a. Providing, selling, marketing, advertising, displaying, distributing, manufacturing, promoting, or authorizing any third party to provide, sell, market, advertise, display, distribute, or manufacture any goods that incorporate, or are substantially similar to, the Copyrighted Works; or are a counterfeit, copy, simulation, confusingly similar variations, or colorable imitation of the Copyrighted Works;

b. Engaging in any activity that infringes Plaintiff's rights in the Copyrighted Works;

c. Making or displaying any statement, representation, or depiction that is likely to lead consumers to believe that (i) Defendant is associated, affiliated, or otherwise connected with Plaintiff; or (ii) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff;

d. Registering or applying for the registration of the Copyrighted Works; and

e. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d);

4. Requiring Defendant to destroy and/or dispose of all materials in Defendant's possession, custody, or control that include, in whole or in part, any unauthorized use of the Copyrighted Works or any work that is substantially similar;

5. Awarding Plaintiff exemplary and punitive damages;

11

6.      Awarding Plaintiff its reasonable attorney's fees and costs for Defendant's willful infringement of the Copyrighted Works and for Defendant's misrepresentation under 17 U.S.C. § 512(f);

7.      Pre- and post-judgment interest and costs; and

8.      Other and further relief as the Court deems just and proper for Plaintiff.

Dated: July 27, 2026                               Respectfully Submitted,

                                                   /s/ *Briana D. Long*
                                                   Briana D. Long, #8-7002
                                                   Taft Stettinius & Hollister LLP
                                                   675 Fifteenth Street, Suite 2300
                                                   Denver, Colorado 80202
                                                   303.297.2900 (Telephone)
                                                   303.298.0940 (Facsimile)

                                                   *Attorney for Plaintiff*
                                                   *Shambhala Publications, Inc.*